FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 9 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER RAY ARAGON,

    Plaintiff,

v.      No. CIV-04-0111 MV/LAM

1st PARTY NEW MEX. DEPT OF CORR.,
BILL RICHARDSON, Gov. for
State of New Mexico,
JOE WILLIAMS, S. of Corr.
For the State of New Mexico,
GILBERT MUNOZ, Compact Cordinator [sic]
for the State of New Mexico,
2nd PARTY OKLAHOMA DEPT.
OF CORRECTIONS,
BRAD HENRY, Gov. for State
of Oklahoma,
JOHN DOE, Compact Cordinator [sic]
for the State of Oklahoma,
MIKE MULLINS, Warden for
Oklahoma State Prison,
J_____ PRUIT, Oklahoma State
Prison Unit A Manager,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(2), (3), and (6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in an Oklahoma correctional facility as a transferee from New Mexico under the Interstate Corrections Compact ("ICC"). *See* N.M. Stat. Ann. § 31-5-17 (Repl. Pamp. 2000). This is his second action against New Mexico and Oklahoma corrections officials. The complaint alleges that, since Plaintiff's arrival in Oklahoma, he has been physically assaulted and abused, labeled as a "rat," wrongly classified and locked down, confined in a maximum security facility, exposed to danger from known enemies, deprived of personal property, and forced to pay for protection. Defendant Munoz denied Plaintiff's transfer back to New Mexico, despite a request for the transfer by Defendant (Secretary of Corrections) Williams. Plaintiff contends that Defendants' actions have violated his rights under several constitutional provisions. The complaint seeks damages and an order transferring Plaintiff back to New Mexico.

No relief is available on Plaintiff's claims against Defendants New Mexico Department of Corrections, (Governor) Richardson, or Williams. Claims against the Department of Corrections are equivalent to a suit against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and thus allegations against this Defendant fail to state claims against a "person" for purposes of § 1983. *Will*, 491 U.S. at 71. Furthermore, the complaint contains no allegations against Defendants Richardson or Williams affirmatively linking them to the various violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the

constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* These claims will be dismissed.

Plaintiff's claims against the Oklahoma Defendants will be dismissed. This Court clearly has no jurisdiction of Oklahoma residents. *Stein v. New York Police Dep't*, No. 95-6141, 1996 WL 32135, at **1 (10th Cir. Jan. 29, 1996); *cf. Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action). Nothing in the complaint indicates any connection between the Oklahoma Defendants and the State of New Mexico such that *in personam* jurisdiction could be properly exercised, although the Oklahoma Defendants could consent to this Court's jurisdiction. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (lack of personal jurisdiction may be waived). Furthermore, venue is improper in this district. 28 U.S.C. § 1391(b); *see Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, the Court may dismiss claims against the Oklahoma Defendants, *Robinson*, 155 F.R.D. at 536 n.1, or sever and transfer them to Oklahoma under 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(2) & (3), *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1520-21 (10th Cir. 1991). Accordingly, claims against the Oklahoma Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants New Mexico Department of Corrections, Richardson, Williams, Oklahoma Department of Corrections, Henry, Doe, Mullins, and Pruit are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons for Defendant Munoz.

UNITED STATES DISTRICT JUDGE

3